UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHONNON SAWYER,

              Plaintiff,                        No. 18-11534

v.                                     District Judge Marianne O. Battani
                                     Magistrate Judge R. Steven Whalen

JAMES DIMON, ET AL.,

              Defendants.

_____/

**REPORT AND RECOMMENDATION**

On May 16, 2018, Plaintiff filed a *pro se* civil complaint [Doc. #1].  Before the Court are his motions for default judgment as to Defendants Dimon, Lake, Weldon, Raymond, Neal, Jackson, Hobson, Flynn, Burke, Crown, Bell, Combs, Bammann (the "Director Defendants"), and  JPMorgan Chase Bank  [Doc. #40 and Doc. #43].[1]  These motions have been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).  For the reasons discussed below, I recommend that the motions be DENIED.

## I.   FACTS

On June 11, 2018, Defendants Dimon, Lake, Weldon, Raymond, Neal, Jackson, Hobson, Flynn, Burke, Crown, Bell, Combs, and Bammann filed a motion to dismiss Plaintiff's *pro se* complaint under Fed.R.Civ.P. 12(b)(2) [Doc. #11].  On June 14, 2018, Defendant JPMorgan Chase Bank filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6) [Doc. #12].  Plaintiff has responded to both motions, and the motions are pending on the

_____

[1] It is unclear why Plaintiff filed the same motion twice.

Court's docket.

On August 9, 2018, Plaintiff requested Clerk's entries of default against all Defendants [Doc. #38, #39, and #41].  Those requests were denied because dispositive motions were timely filed [Doc. #44, #45, and #46].

## II.  DISCUSSION

In order for a Plaintiff to obtain a judgment by default, he must first obtain a Clerk's entry of default pursuant to Fed.R.Civ.P. 55(a). A default *judgment* is governed by Rule 55(b)(2). "An entry of default and a default judgment are distinct concepts which must be treated separately." *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000) (quoting *United States v. Topeka Livestock Auction, Inc.*, 392 F.Supp. 944, 950 (N.D. Ind. 1975) ). In *Vongrabe v. Sprint PCS*, 312 F.Supp.2d 1313, 1318 (S.D. Cal. 2004), the court explained:

> "The section of the rule regarding default is dealt with in Rule 55(a), and the section of the rule regarding judgment is dealt with in Rule 55(b). These sections have separate headings and procedures that are distinct from one another. Thus, a plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment."

See also *Ramada Franchise Sys., Inc.*, 220 F.R.D. 303, 305 (N.D. Ohio 2004) (quoting *Sys. Indus., Inc. v. Han*, 105 F.R.D. 72, 74 (E.D. Penn. 1985) ) ("Entry of a default ... is a prerequisite to entry of a default judgment under Rule 55(b)."); *DeTore v. Local # 245 of the Jersey City Public Employees Union*, 511 F.Supp. 171, 176 (D.N.J. 1981) ("However, no default judgment may be entered under either F.R.Civ.P. 55(b)(1) or (b)(2) unless a default has previously been entered by the clerk under 55(a). Thus, the entry of default is an essential predicate to any default judgment.").

Because the Clerk has not entered a default, and in fact has denied Plaintiff's request for entry of default, the Court may not enter a default judgment.

In addition, and as noted in the Clerk's denial of entry of default, the Defendants have timely filed dispositive motions under Fed.R.Civ.P. 12(b)(2) and 12(b)(6) in lieu of an answer. Their answers would not be due until such time as the motions to dismiss are denied.

### III.   CONCLUSION

I recommend that Plaintiff's motions for default judgment [Doc. #40 and Doc. #43] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: January 29, 2019

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 29, 2019, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen
