UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHONNON SAWYER,

       Plaintiff,                               No. 18-11534

v.                                          District Judge Marianne O. Battani
                                                Magistrate Judge R. Steven Whalen

JAMES DIMON, ET AL.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

On May 16, 2018, Plaintiff Shonnon Sawyer filed a *pro se* civil complaint, titled "Complaint for Failure to Answer RESPA/QWR Fraud" [Doc. #1]. He names as Defendants JPMorgan Chase Bank, N.A. ("Chase") and the Directors and Officers of Chase: James Dimon (President), Marianne Lake (CFO), and otherwise unnamed Directors. Before the Court is a Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(2) filed by Defendants Dimon, Lake, and Directors William C. Weldon, Lee R. Raymond, Michael Neal, Laban P. Jackson, Jr., Mellody Hobson, Timothy P. Flynn, Stephen B. Burke, James S. Crown, James A. Bell, Todd A. Combs, and Linda B. Bammann (the "Director Defendants") [Doc. #11],[1] which has been referred for a Report and

---

[1] Defendant Chase has filed a separate motion to dismiss under Fed.R.Civ.P. 12(b)(6) [Doc. #12].

-1-

Recommendation under 28 U.S.C. sc 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED, and that these Defendants be DISMISSED WITH PREJUDICE.

## I.   FACTS

Plaintiff's complaint is a bit hard to follow. However, it does appear to allege a violation of the Real Estate Settlement Procedures Act ("RESPA"). Attached to the complaint is a December 21, 2017 letter from Plaintiff to Chase "directors, President, CFO and Registered Agents," addressed to P.O. Box 183210, Columbus, OH 43218-3210, stating that it is a Qualified Written Request ("QWR") for information regarding a mortgage loan, Account No. 1040298396. *Complaint* [Doc. #1], Pg. ID 13-15. Plaintiff's specific statement of his claim is brief, and reads as follows:

> "My name is Mr. Shonnon Sawyer and I am a regular consumer. I wanted to purchase a house. I thought I was suppose to receive a loan in exchange for the Deed and my Note. that never transpired. I continued to ask JPMORGAN CHASE BANK, N.A. to give me, under penalty of perjury, the front and back copy of the loan check and they refuse. I want my Deed, Note and the lien released on my property. I also want all my payments, plus interest and 1.5 million doallars for the fraud committed against me. JPMORGAN CHASE BANK, N.A. failure to respond as I require them to respond, is considered not an answer to my required request. If they can't answer my questions the way I demand of them, then their responses don't count towards my demands. All of their communications are non-responsive because they refuse to answer under penalty of perjury and refuse to respond with signed communications that I require. They also refuse to affirm communications under penalty of perjury and that's evidence of their theft, fraud and deceit. I also want an Injunctive and Declaratory relief to prevent record tampering." *Id*. Pg. ID 3.

The Plaintiff further added in the "Statement of Claim" section of the printed *pro*

*se* form, Pg. ID 8:

> "I never received a loan in exchange for my Deed and Note. JPMorgan Chase Bank, N.A. refuse under penalty of perjury to give me the front and back copy of the loan check. JPMCBNA also attempts to transfer servicing rights to evade me."

In their motion [Doc. #11], the Director Defendants seek dismissal under Fed.R.Civ.P. 12(b)(2), on the basis that the Court lacks personal jurisdiction over them.

## II. STANDARD OF REVIEW

Fed.R. Civ.P. 12(b)(2) permits the Court to dismiss an action for lack of personal jurisdiction. A plaintiff must plead facts establishing personal jurisdiction over the defendants, and the plaintiff has the burden of making at least a *prima facie* showing of personal jurisdiction. *See Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002); *Kerry Steel, Inc. v. Paragon Indust., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997). "Without personal jurisdiction over an individual...a court lacks all jurisdiction to adjudicate that party's right, whether or not the court has valid subject matter jurisdiction." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991).

## III. DISCUSSION

"[P]ersonal jurisdiction over a defendant exists 'if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendants due process.'" *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002)(quoting *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992)). "The Due Process Clause of

the Fourteenth Amendment limits the power of a state court to exert personal jurisdiction over a nonresident defendant." *Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102, 108–09 (1987). "'[T]he constitutional touchstone' of the determination whether an exercise of personal jurisdiction comports with due process 'remains whether the defendant purposefully established 'minimum contacts' in the forum State.'" *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985) (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)).

There are two kinds of personal jurisdiction within the Due Process inquiry: (1) general personal jurisdiction, where the Defendant has either consented to the state's jurisdiction, is incorporated within the state, or has continuous and systematic contacts with the forum state; and (2) specific jurisdiction, where the claim only arises from or relates to the Defendant's contacts with the forum state. *Fortis Corp. Ins. v. Viken Ship Mgmt.*, 450 F.3d 214, 218 (6th Cir. 2006). *See* M.C.L. § 600.701. In *Kerry Steel, Inc.*, 106 F.3d at 149, the Sixth Circuit explained:

> "Personal jurisdiction comes in two flavors: 'general' jurisdiction, which depends on a showing that the defendant has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims the plaintiff may have against the defendant, and 'specific' jurisdiction, which exposes the defendant to suit in the forum state only on claims that 'arise out of or relate to' a defendant's contacts with the forum. *Helicopteros Nacionales de Colombia S.A., v. Hall,* 466 U.S. 408, 414-415 & nn. 8-10, 104 S.Ct. 1868, 1872 & nn. 8-10, 80 L.Ed.2d 404 (1984); *Third Nat'l Bank in Nashville v. WEDGE Group, Inc.,* 882 F.2d 1087, 1089 (6th Cir.1989), *cert. denied,* 493 U.S. 1058, 110 S.Ct. 870, 107 L.Ed.2d 953 (1990)."

The complaint shows that all of the individual Director Defendants are domiciled in New York, not Michigan. In terms of general jurisdiction, M.C.L § 600.701 provides as follows:

> Sec. 701. The existence of any of the following relationships between an individual and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise general personal jurisdiction over the individual or his representative and to enable such courts to render personal judgments against the individual or representative.
>
> (1) Presence in the state at the time when process is served.
>
> (2) Domicile in the state at the time when process is served.
>
> (3) Consent, to the extent authorized by the consent and subject to the limitations provided in section 745.1.

Plaintiff has alleged no facts showing that these Defendants have consented to the Court's jurisdiction, or that they have "continuous and systematic contacts" with the State of Michigan. There is no allegation that these Defendants have ever set foot in Michigan, or personally had any business dealings in Michigan, much less that they were served in Michigan. The Plaintiff has not shown general jurisdiction.

Nor has Plaintiff alleged or shown any basis for specific jurisdiction. M.C.L. § 600.705 provides for limited personal jurisdiction over individuals under the following conditions:

> Sec. 705. The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited

personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:

(1) The transaction of any business within the state.

(2) The doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort.

(3) The ownership, use, or possession of real or tangible personal property situated within the state.

(4) Contracting to insure a person, property, or risk located within this state at the time of contracting.

(5) Entering into a contract for services to be rendered or for materials to be furnished in the state by the defendant.

(6) Acting as a director, manager, trustee, or other officer of a corporation incorporated under the laws of, or having its principal place of business within this state.[2]

(7) Maintaining a domicile in this state while subject to a marital or family relationship which is the basis of the claim for divorce, alimony, separate maintenance, property settlement, child support, or child custody.

The Director Defendants do not fall within any of these seven categories. Nor do the Plaintiff's claims "arise out of or relate to" their contacts with Michigan, since these Defendants have no contacts with Michigan.

---

[2] JPMorgan Chase Bank, N.A. is not a Michigan corporation.

There is no basis for this Court to exercise either general or specific personal jurisdiction against the Director Defendants, and to do so would not be reasonable, or consistent with due process. *Asahi Metal*, 480 U.S. at 112-113. The complaint should therefore be dismissed against these Defendants.

## IV.  CONCLUSION

I recommend that these Defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(2) [Doc. #11] be GRANTED, and that they be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the

court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                              s/R. Steven Whalen
                                              R. STEVEN WHALEN
                                              UNITED STATES MAGISTRATE JUDGE

Dated: February 28, 2019

---

### CERTIFICATE OF SERVICE

     I hereby certify on February 28, 2019 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on February 28, 2019.

                                              s/Carolyn M. Ciesla
                                              Case Manager for the
                                              Honorable R. Steven Whalen