UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHONNON SAWYER,

        Plaintiff,                                   No. 18-11534

v.                                                   District Judge Marianne O. Battani
                                                     Magistrate Judge R. Steven Whalen

JAMES DIMON, ET AL.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

On May 16, 2018, Plaintiff filed a *pro se* civil complaint, alleging a violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq*. [Doc. #1]. Before the Court is Defendant JPMorgan Chase Bank, N.A.'s ["Chase's"] motion to dismiss under Fed.R.Civ.P. 12(b)(6) [Doc. #12], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED.

**I.    FACTS**

Plaintiff's complaint is a bit hard to follow. However, it does appear to allege a violation of RESPA. Attached to the complaint is a December 21, 2017 letter from Plaintiff to Chase "directors, President, CFO and Registered Agents," addressed to P.O. Box 183210, Columbus, OH 43218-3210, stating that it is a Qualified Written Request ("QWR") for information regarding a mortgage loan. *Complaint* [Doc. #1], Pg. ID 13-15. The letter contains a list of 20 items of information sought, including the loan transaction history, an itemized statement of the amount owing as of 12/21/2017, the name and address of the "owner" and the "holder" of the note, and information regarding transfers

and assignments of the mortgage.

Defendant responded to Plaintiff's request in a letter dated January 9, 2018. The response enclosed copies of the loan transaction history, the note itself, and the security instrument (i.e., the mortgage), as well as the payment history of the loan. The letter also disclosed the amount of the unpaid principal balance ($70,394.28), the accrued interest from 12/1/17 to 1/9/18 ($542.62), the escrow advances ($31.29), and "other fees and advances" ($14.00), for a total amount of $70,982.19. In a section of the letter titled "Here are answers to common servicing questions," it states that information about assignments of the security instrument may be found in public records. Defendant's motion [Doc. #12], Exhibit 4, Pg. ID 231-281.[1]

Attached to the complaint is Plaintiff's letter to Chase dated January 18, 2018, in which he states, "I Shonnon Sawyer have received your Qualified Written Request response dated January 09, 2015." *Complaint* [Doc. #1], Pg. ID 19.

## II.    STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007), the Court, construing the

---

[1] Chase submitted its January 9, 2018 response as Exhibit 4 to its motion. In that Plaintiff has acknowledged receipt of this letter in his complaint, it may be considered in the context of a Rule 12(b)(6) motion even though Plaintiff did not himself attach a copy of the letter with his complaint. *See QCC, Inc. v. Hewlett-Packard Co.*, 258 F.Supp.2d 718, 721 (E.D. Mich. 2003). Likewise, Chase has provided copies of the mortgage and note.

requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, at 555 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 556 U.S. at 679 (internal citations omitted).

### III.   DISCUSSION

RESPA provides that a borrower may submit a "Qualified Written Request" ("QWR") to its loan servicer for "information relating to the servicing of such loan." 12

U.S.C. § 2605(e)(1)(A). A QWR must identify the loan and "include[ ] a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provide[ ] sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1) (B). "RESPA requires that a servicer acknowledge such an inquiry within 20 business days of receiving the request (12 U.S.C. § 2605(e)(1)(A)), and substantively respond within 60 business days, by either (a) correcting the account, providing a written response explaining why the account is correct and providing contact information for further assistance; or (b) providing a written response with the information requested or an explanation for why the information is unavailable or cannot be obtained and providing contact information for further assistance." *Drew v. Kemp-Brooks*, 802 F. Supp. 2d 889, 897 (E.D. Mich. 2011); *see also* 12 U.S.C. § 2605(e)(2).

The Plaintiff's December 21, 2017 letter to Chase is a somewhat scattershot affair, and Chase argues that it is not a valid QWR because it does not relate to the servicing of the loan. However, the letter does request the "loan transaction history" and "an itemized statement supporting the figure claimed due and owing." Therefore, I will assume, for the purposes of this motion, that the Plaintiff at least satisfied the requirement that a QWR pertain to "information relating to the servicing of such loan" (i.e. "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts described in section 2609 of this title, and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan."). *See* 12 U.S.C. § 2605(i)(3). Even so, Plaintiff's RESPA claim is deficient on its face for other reasons.

First, the Plaintiff's letter does not "include[ ] a statement of the reasons for the belief of the borrower...that the account is in error or provide[ ] sufficient detail to the servicer regarding other information sought by the borrower," as required by 12 U.S.C. § 2605(e)(1) (B). In *Drew v. Kemp-Brooks*, 802 F. Supp. 2d at 898, the Court found that vague and generalized statements of predatory lending practices, fraud, or non-specific servicing errors were insufficient to satisfy the RESPA requirement of sufficiently detailed reasons for a belief that the account is in error:

> "Moreover, none of the letters identify any reasons for a belief that the account servicing is in error. Instead, Plaintiff merely makes vague accusations such as 'your company has been accused of predatory servicing or lending and servicing schemes', 'I was induced to sign the note agreeing to the terms ... when as yet I had received nothing from the bank', '[d]ue to your total repudiation and dishonor, you have now agreed to the default provisions herein', and 'I have reason to believe that ... servicing errors have occurred" without identifying the alleged errors."

While Plaintiff's complaint, and other correspondence and "declarations" attached to the complaint are replete with vague claims of fraud, his December 21, 2017 letter itself is devoid of any statement reflecting his belief that the account was in error. This is fatal to his RESPA claim.

In addition, the Plaintiff has not plausibly alleged any damages resulting from Chase's claimed RESPA violation. In *Drew v. Kemp-Brooks*, 802 F. Supp. 2d at 898, the Court held that "[a] claim for relief based upon a purported failure to respond to a QWR must be dismissed when the plaintiff fails to show damages resulting from the purported failure to respond," citing *Battah v. ResMAE Mortgage Corp.*, 746 F.Supp.2d 869, 876 (E.D.Mich.2010) ("To successfully plead a RESPA claim, Plaintiff must allege actual damages, which resulted from ... [a] failure to respond to Plaintiff's QWRs.... The complete absence of alleged damages warrants a dismissal of Plaintiff's RESPA claim."); *Jarbo v. BAC Home Loan Servicing*, No. 10–12632, 2010 WL 5173825, at *5 (E.D.Mich.

Dec. 15, 2010) ("To the extent Plaintiffs allege that Defendants failed to respond to a Qualified Written Request ("QWR") under RESPA, Plaintiffs fail to state a claim upon which relief can be granted because they allege no facts showing that damages occurred as a result of that failure."). *See also Mekani v. Homecomings Fin., LLC*, 752 F. Supp. 2d 785, 795–96 (E.D. Mich. 2010)("Because Plaintiff has completely failed to allege any causal link between Defendant's allegedly inadequate response to his QWRs and any actual damages suffered, his Complaint fails to plead a plausible RESPA claim")(citing cases).

And finally, even if we assume that Plaintiff complied with all of the requirements of a QWR, he concedes that Chase in fact substantively responded on January 9, 2018, well within the 60-day time limit for a response under 12 U.S.C. § 2605(e)(2). In its response, Chase provided detailed information as to the servicing of the loan, including amounts owing and a print-out of the payment history.

In short, Plaintiff has not plausibly stated a RESPA violation; his complaint must therefore be dismissed under Rule 12(b)(6).

## IV. CONCLUSION

I recommend that Defendant Chase's motion to dismiss under Fed.R.Civ.P. 12(b)(6) [Doc. #12 be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638

F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: March 1, 2019

---

**CERTIFICATE OF SERVICE**

I hereby certify on March 1, 2019 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on March 1, 2019.

s/Carolyn M. Ciesla
Case Manager for the
Honorable R. Steven Whalen